**FILED**

at\_\_\_\_O'clock & \_\_\_min\_\_\_M

MAR 14 2006

United States Bankruptcy Court
Columbia, South Carolina (16)

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Elbert Evans and Ella Evans,<br><br>Debtors. | C/A No. 06-00608-JW<br><br>Chapter 13<br><br>**ORDER** |
|---|---|

**ENTERED**

MAR 1 4 2006

**J.G.S.**

This matter comes before the Court upon a Motion to Extend Stay ("Motion") filed by Elbert Evans and Ella Evans ("Debtors") pursuant to 11 U.S.C. § 362(c)(3)(B).[1] Debtors served the Motion and a Notice of Hearing on all creditors. The Chapter 13 Trustee filed a response.

Mr. and Mrs. Evans were debtors in a prior Chapter 13 bankruptcy case (C/A No. 03-01392) that was pending within a one (1) year period preceding the filing of this current case. Therefore, pursuant to § 362(c)(3)(A), the automatic stay provided by § 362(a) is scheduled to terminate on March 19, 2006, the thirtieth day (30th) day after Debtors filed this current bankruptcy case.

Under § 362(c)(3)(C)(i)(II)(cc), there is a presumption that Debtors did not file this current case in good faith because Debtors' previous case was dismissed for failure to make timely plan payments. Pursuant to § 362(c)(3)(C)(ii), the lack of good faith presumption also arises with respect to Bank of America, Debtors' mortgage creditor, because Bank of America obtained relief from the automatic stay prior to the dismissal of Debtors' previous case. In light of the presumption that Debtors filed this current case with a lack of good faith, Debtors must demonstrate, by clear and convincing evidence, that they filed this case in good faith in order to extend the stay beyond March 19, 2006.

---

[1] Internal references to the Bankruptcy Code (11 U.S.C. § 101 et. seq.), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, shall be made by section number only.

During the administration of Debtors' first Chapter 13 case, Ms. Evans became unemployed in the year 2004 and did not obtain new employment until August 2005. When Ms. Evans became unemployed, Mr. Evans was also unemployed because he had just retired. By the time Ms. Evans became re-employed, Debtors were so far behind in their plan payments that they were unable to cure the arrearage. Accordingly, the Court dismissed Debtors' first case on October 20, 2005.

Since the dismissal of Debtors' first case, Ms. Evans' employment has stabilized. However, in this second case, Debtors' income has decreased, and Debtor's plan does not appear feasible. In order to pay the claims treated in their proposed plan, Debtors must pay approximately $360.00 per month to the Chapter 13 Trustee. Debtors' amended schedules currently indicate that they have the ability to pay $288.68 per month to fund their plan. However, during the hearing on the Motion to Extend Stay, Ms. Evans testified that she and Mr. Evans had the ability to make the $360.00 monthly payments required to make their plan confirmable. The Court also notes that there is approximately $33,330.00 of equity in Debtor's home. The substantial equity present in this case, improves the likelihood that Debtor's Chapter 13 plan will be performed and that creditors will be paid. Accordingly, in light of the totality of the circumstances presented and under the conditions set forth herein, the Court finds that Debtors filed this case in good faith.[2]

It is therefore,

---

[2] The Court's findings are limited to the context of this Motion and nothing in this Order shall be construed as *res judicata* to prevent Debtor, the trustee, or any party in interest from challenging or establishing that this case or plan was filed or proposed in good faith for purposes of 11 U.S.C. §§ 1307 or 1325. See In re Charles, 332 B.R. 538, 542 (Bankr. S.D. Tex. 2005) (holding that Congress, by enacting § 362(c)(3), intended the courts to conduct an early triage of a case and determine whether a case is doomed to fail or whether a case has a reasonable likelihood of success).

**ORDERED** that the automatic stay is extended as to all creditors pursuant to § 362(c)(3)(B); and it is further

**ORDERED** that should Debtors fail to complete this Chapter 13 case for any reason, then this case, upon recommendation by the Trustee, shall be converted to a case under Chapter 7 of the Bankruptcy Code if Debtors are eligible to file such a case; otherwise, the case shall be dismissed with prejudice for a period of one (1) year as to any subsequent filing by either Mr. Evans or Mrs. Evans under any Chapter of the Bankruptcy Code.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
March 14, 2006